**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**CASE NO. 25-60256-CIV-SMITH/HUNT**

REUVEN T. HERSSEIN, on behalf of
himself, the general public, and those
similarly situated,

                           Plaintiffs,

v.

AGA SERVICES COMPANY (d/b/a
ALLIANZ GLOBAL ASSISTANCE),
JEFFERSON INSURANCE COMPANY,

                           Defendants.
_____/

## REPORT AND RECOMMENDATION

This Cause is before this Court on Defendants' Motion to Dismiss.  ECF No. 33.

The Honorable Rodney Smith referred the Motion to the undersigned for appropriate

disposition.  ECF No. 54; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  Upon thorough

review of the Motion, any Response or Reply thereto, the entire case file, the applicable

law, and being otherwise fully advised in the premises, it is hereby RECOMMENDED that

the Motion to Dismiss be GRANTED for the reasons outlined below.

### I.      Background

This case concerns a dispute in which Plaintiff Reuven T. Herssein ("Plaintiff")

seeks redress for Defendants' allegedly deceptive practices relating to their online

marketing and sale of insurance policies on the checkout pages of ticketing and travel

websites.

Plaintiff in his Amended Complaint contends that Defendants AGA Service Company, doing business as Allianz Global Assistance ("AGA"), and Jefferson Insurance Company ("Jefferson") (collectively, "Defendants"), secretly tack on mandatory, undisclosed "assistance service" fees for what Plaintiff describes as worthless add-ons, such as toll-free calls for weather updates.  Such fees improperly inflate cost without adequate notice to buyers, according to Plaintiff, deliberately misleading consumers by concealing these fees in a single "insurance" price and thereby luring unsuspecting customers into paying for services for which they would otherwise not choose to pay.

Plaintiff brings two claims,[1] one for common law fraud, deceit and/or misrepresentation, and another for a breach of the duty of good faith and fair dealing, as a putative class action.  Defendants now move to dismiss both counts under Federal Rule of Civil Procedure 12(b)(6).  The Motion is fully briefed and is now ripe for review.

## II.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "To meet this 'plausibility standard,' a plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Arias v. Integon Nat'l Ins. Co.*, No. 18-22508-CIV-ALTONAGA/GOODMAN, 2018 WL 4407624, at *2–3 (S.D. Fla. Sept. 17, 2018) (quoting *Iqbal,* 556 U.S. at 678).  "A

---

[1] Plaintiff was initially accompanied by a second Plaintiff, who brought two additional claims pursuant to New York law.  On August 28, 2025, the second Plaintiff voluntarily dismissed all of his claims in this litigation, which encompassed Counts III and IV.  ECF No. 50.  Accordingly, this Court will only consider Counts I and II.  Counts III and IV should be dismissed as moot.

complaint may be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Reilly v. Herrera*, 622 F. App'x 832, 833 (11th Cir. 2015).

"On a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts its factual allegations as true." *Id.* (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)). "Unsupported allegations and conclusions of law, however, will not benefit from this favorable reading." *Id.* (citing *Iqbal*, 556 U.S. at 679).

### III. Discussion

Defendants contend that, as a threshold matter, both counts of the Complaint are based on the wishful, but false, premise that Defendants concealed that they were charging insureds for "travel assistance services." Defendants note that Plaintiff's own Complaint admits that the offer boxes on the relevant websites contained hyperlinks confirming that the charges for Plaintiff's travel and event protection plans include an amount for "travel assistance services," and that Plaintiff was on notice of such provisions.

Further, Defendants argue that the travel protection policies delivered to Plaintiff confirm that he was charged for various travel assistance services. Likewise, according to Defendants, both the Offer Boxes and website disclosures, as well as the terms of the travel and event protection plans -- all of which are incorporated by reference in the Complaint -- fatally undermine Plaintiff's fraud and contract claims.

The undersigned declines to address Defendants' initial argument directly, as each issue is better addressed in the context of Plaintiff's claims.

a.       Count I: Common Law Fraud, Deceit and/or Misrepresentation

As for the alleged Counts themselves, Defendants argue that Count I must be dismissed for the independent reason that an insured is barred from suing an insurer for fraud in connection with the sale of insurance under the Florida Unfair Insurance Trade Practices Act ("FUITPA"), Fla. Stat. § 626.951, *et seq*.  Count I must also be dismissed, Defendants argue, because the conduct alleged to be fraudulent is authorized by Chapter 647 of the Florida Statutes, which expressly permits the sale of travel protection plans that bundle travel and event insurance with travel assistance services.

Plaintiff responds that Defendants' arguments to dismiss Count I fail for multiple reasons.  First, Plaintiff argues FUITPA does not bar common law fraud claims.  Second, Plaintiff contends that the Complaint's allegations of concealment are not contradicted by the offer boxes, hyperlinks, or policy documents.  Third, Plaintiff argues that Chapter 647 of the Florida Statutes does not, in fact, authorize Defendants' deceptive practices.

Defendants reply that Plaintiff's argument that FUITPA does not bar common law fraud claims was expressly rejected in *Buell v. Direct Gen. Ins. Agency, Inc.*, 267 F. App'x 907, 909 (11th Cir. 2008).  The savings clause of FUITPA does not rescue the claim, Defendants contend, citing *Arencibia v. AGA Serv. Co.*, 533 F. Supp. 3d 1180, 1188 (S.D. Fla. 2021), *aff'd*, No. 21-11567, 2022 WL 1499693 (11th Cir. May 12, 2022).  Defendants argue that Plaintiff cites no case law that would allow his claims to go forward.

Additionally, Defendants argue that all of Plaintiff's claims are foreclosed by the hyperlinked Offer Box content, which Plaintiff admits he saw.  Defendants contend that the segregated charges for insurance and assistance services were disclosed to Plaintiff multiple times: first in the website hyperlinks and a second time in the cover letter

4

accompanying the plan documents.  Defendants note that Plaintiff also had the option to cancel throughout the process.

Defendants additionally argue that Chapter 647 of the Florida Statutes expressly authorizes Defendants to sell protection plans that bundle insurance coverage with assistance services so long as the "protection plan clearly discloses to the consumer, at or before the time of purchase, that it includes travel insurance, travel assistance services, and cancellation fee waivers, as applicable, and provides information and an opportunity, at or before the time of purchase, for the consumer to obtain additional information regarding the features and pricing of each."  Fla. Stat. § 647.04.  Plaintiff was on notice at all times of the bundled plans, according to Defendants, and thus the sale followed Florida law.

As to the first argument, that Plaintiff's claims are barred under FUITPA, Defendants have the better argument.  Plaintiff attempts to cobble together case law that allows an inference that such claims might be allowed, citing *Kondell v. Blue Cross & Blue Shield of Florida*, Inc., 187 F. Supp. 3d 1348, 1360 (S.D. Fla. 2016), for the notion that FUITPA's remedies are non-exclusive, and *Mankap Enterprises, Inc. v. Wells Fargo Alarm Services*, 427 So. 2d 333, 334 (Fla. 3d DCA 1983), for the notion that Florida law voids any contractual attempt to escape liability for fraud.  Reading such exceptions together, Plaintiff argues, leaves room for Plaintiff's claims to go forward.  Additionally, Plaintiff contends that the legislature could have expressly abolished common law fraud claims but did not.

However, the case law does not bear out such an exception.  In *Buell*, the Eleventh Circuit foreclosed Plaintiff's arguments, holding that a "[P]laintiff[ ] may not evade the

5

Florida legislature's decision to withhold a statutory cause of action for violations of the pertinent provisions of FUITPA by asserting common law claims based on such violations." *Buell*, 267 F. App'x at 909. Plaintiff argues that the legislature could have expressly excluded his common law claim but did not. It did not need to, however, as under the doctrine of "'*inclusio unius est exclusio alterius*,' the Florida legislature's express authorization to pursue a private right of action with regard to violations of specific provisions of the [F]UITPA implies the legislature intended to exclude the pursuit of a private cause of action with regard to a violation of other provisions of the [F]UITPA[.]" *Buell v. Direct Gen. Ins. Agency, Inc.*, 488 F. Supp. 2d 1215, 1218 (M.D. Fla. 2007), *aff'd*, 267 F. App'x 907. Defendants are correct that Plaintiff cites no contradictory cases. For this reason alone, Plaintiff's Count I fails.

Regarding the Offer Box content, Defendants argue that the relevant websites' Offer Boxes clearly disclose that the travel protection plan optionally available for purchase bundles both "insurance & assistance services" and "24/7 assistance." Plaintiff argues that no reasonable consumer would interpret any mention of "services" or "assistance" to be separate entities, and that the hyperlinked disclosures failed to adequately explain that the quoted price included extra fees beyond the insurance premium.

"Under Florida law, a browsewrap agreement, such as the one here, is enforceable when the purchaser has actual knowledge of the terms and conditions, or when the hyperlink to the terms and conditions is conspicuous enough to put a reasonably prudent person on inquiry notice." *Arencibia,* 533 F. Supp. 3d at 1189–90 (citation and quotation omitted). There is no real question that Plaintiff was aware of the terms and conditions

6

contained in the Offer Boxes.  The only question is whether those terms and conditions were adequately explained.  The undersigned finds that the reasonableness of Plaintiff's alleged understanding is likely a fact-intensive inquiry that is improper for the Court to engage in at this stage in the litigation, and therefore the Court should, were it to find this claim allowed under FUITPA, decline to determine whether the Offer Box content adequately put Plaintiff on notice or  whether the documentation contains the requisite clarity required under Fla. Stat. § 647.04.

b.      Count II: Breach of the Duty of Good Faith and Fair Dealing

Turning to Count II, Defendants contend this claim is fatally flawed because Plaintiff has not alleged, as he must under Florida law, any breach of an express term of the policy.  Defendants contend that the Complaint concedes that Plaintiff received exactly what he was offered at the price quoted: travel and event protection plans that included insurance coverage for specific risks, along with the right to avail himself of travel assistance services.  Defendants argue that the insurance and assistance services were spelled out in detail in the protection plans.

Defendants also contend that Plaintiff's claim for a "public injunction" is deficient because Plaintiff cannot plausibly allege that future injury to him is imminent.  Further, because Plaintiff is now aware that Defendants bundle travel assistance services with insurance, there is no risk that Plaintiff could be deceived if he bought another protection plan from Defendants in the future.  Plaintiff therefore lacks standing to assert the injunction claim, according to Defendants.

Plaintiff responds that Defendants' challenges to Count II are meritless.  Plaintiff argues that his claim relates to an express contractual term, in that the contract promises

coverage for a price, implying transparency, but that Defendants' hidden fees belie this transparency, breaching good faith in execution.  Plaintiff contends that Defendants offered insurance for a "single price," an express term implying a lawful premium without hidden fees.  Defendants' inclusion of an undisclosed, mandatory assistance fee frustrated this term, according to Plaintiff, charging him more than agreed upon without consent or adequate disclosure.  This deliberate act undermined Plaintiff's reasonable expectations, Plaintiff contends.  Plaintiff also alleges bad faith underlies the intentional concealment of fees and argues that receipt of services does not negate injury from overpayment due to deceit.

Plaintiff also argues he does have standing for injunctive relief, in that he alleges: (1) injury-in-fact from paying undisclosed fees; (2) causation by Defendants' practices; and (3) redressability via injunction.  Plaintiff notes that for prospective relief he must also show a "real and immediate threat" of future injury.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).  Plaintiff alleges he will purchase travel insurance again, but absent injunction will be subject to the same deceptive practices because Defendants' offerings dominate the market.

Defendants reply that because Plaintiff does not adequately allege an express contract term that was supposedly breached, there is no breach of duty of good faith and fair dealing.  Defendants note that there are no allegations in the Complaint that Defendants did not fully disclose the total price he was charged.  Further, Defendants contend that prior decisions of courts in this District have rejected claims that a defendant violated the price term of their contracts by charging supposed "undisclosed fees" for assistance services.

Defendants cite *Whiteman v. AGA Serv. Co.* for the idea that Defendants fully honored their contractual obligations when they provided the protection plans at a set price that Plaintiff agreed to pay.  No. 23-61826-CIV-SINGHAL, 2024 WL 3688868, at *3 (S.D. Fla. Aug. 1, 2024), *aff'd,* No. 24-12524, 2025 WL 869409 (11th Cir. Mar. 20, 2025).  The undersigned finds the *Whiteman* decision particularly applicable here.  In *Whiteman*, the plaintiff alleged that the defendant breached the payment provision in its contract by declaring that the price charged to customers is comprised solely of the "cost of insurance and assistance," while not disclosing that the fee also covered other costs, namely a substantial payment to a co-defendant.  The court found that the "Cost Provision contract imposes no duty upon [defendant] to not pay any portion of the fee collected to [a co-defendant]." *Id.*  "Nor does it require [defendant] to disclose up front that it will be remitting a portion of the fee it is collecting to [the co-defendant].  It simply requires [defendant] to provide the two services that it undisputedly did." *Id.*

On appeal, the Eleventh Circuit affirmed the district court's decision, finding that defendant did not breach the protection plan contract with plaintiff because the contract stated the total price of the plan and plaintiff was charged only that amount.  "The fact that [defendant] gave a portion of its revenue to [co-defendant] does not mean there was a breach." *Whiteman*, 2025 WL 869409 at *2.  "Nothing in the contract said that [defendant] would keep 100% of the money it made selling travel assistance products." *Id.*  Because the contract expressly stated the price, and Plaintiff was only charged and paid that price, there was no breach. *Id.*

It is difficult to see any real distinction between the *Whiteman* plaintiff's claim and the claim currently at issue.  Plaintiff does not complain that he was charged more than

expected.  Instead, he complains that the amount paid contained fees for services about which he was not adequately informed.  However, there is no allegation that Plaintiff did not have access to the services for which he was charged, and, per the *Whiteman* decisions, so long as the price paid is the price quoted, how the money is divvied up is of no consequence.  Accordingly, per *Whiteman,* Plaintiff has stated no claim for breach of contract, and his second claim should be dismissed.

As for the standing issue, Defendants contend that Plaintiff cannot get around the Eleventh Circuit's ruling in *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243 (11th Cir. 2023).  In *Williams*, the Court rejected "injunctive standing where plaintiffs merely 'would like' to buy again, lacking imminent intent."  *Id.* at 1256.  The undersigned agrees that Plaintiff has made no real claim of imminent intent to purchase.  Therefore, even were the Court to allow Plaintiff's breach of contract claim to go forward, Plaintiff's request for injunctive relief should be denied.

     c.     <u>Attorney's fees</u>

Finally, Defendants object to Plaintiff's demand for attorney's fees, noting that he failed to allege any basis to recover fees.  Plaintiff responds that the demand at this stage is a placeholder, potentially supported by equitable relief or future statutory claims.  As this Court has recommended that all of Plaintiff's claims should be dismissed, Plaintiff's request for attorney's fees should be denied.

**IV.    Recommendation**

Based on the foregoing, the undersigned RECOMMENDS that:

Defendants' Motion to Dismiss, ECF No. 33, be GRANTED to the extent that Plaintiff's Amended Complaint be DISMISSED.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers, at Fort Lauderdale, Florida, this 25th day of February 2026.

_____
**PATRICK M. HUNT**
**UNITED STATES MAGISTRATE JUDGE**

Copies Furnished to:
    Honorable Rodney Smith
    All Counsel of Record