**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-60256-CIV-SMITH**

REUVEN T. HERSSEIN, *on behalf of*
*himself, the general public, and those*
*similarly situated*,

       Plaintiff,

v.

AGA SERVICES COMPANY, *et al.*,

       Defendants.

_____/

**ORDER AFFIRMING AND ADOPTING**
**REPORT AND RECOMMENDATION**

This matter is before the Court upon the Magistrate Judge's Report and Recommendation [DE 91] on Defendants' Motion to Dismiss [DE 33] and Plaintiff's Objections [DE 92]. In his thorough and well-reasoned Report and Recommendation [DE 91], Magistrate Judge Hunt recommends that Defendants' Motion to Dismiss [DE 33] be **GRANTED**.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objections are made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting

party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

In his Objections, Plaintiff argues that (1) the R&R shifts the burden to Plaintiff and resolved factual questions in Defendants' favor; (2) the magistrate judge errs in resolving legal ambiguities against Plaintiff and holding that FUITPA bars Plaintiff's common law fraud claim; (3) the R&R errs in resolving disclosure adequacy against Plaintiff at the pleading stage; (4) the R&R errs in recommending dismissal of Count II by resolving contract ambiguity and factual disputes against Plaintiff.

Although framed as arguments that the Report and Recommendation applies the motion to dismiss standard erroneously, the Court observes that Plaintiff's objections are just attempts to expand upon and reframe arguments already considered by Judge Hunt or disagreements with Judge Hunt's conclusions. Moreover, the Court finds that Judge Hunt did not apply the motion to dismiss standard erroneously. Ultimately, the Court having considered Judge Hunt's Report, Defendants' objections thereto, and having conducted a *de novo* review of the record, agrees with Judge Hunt's well-reasoned analysis and his recommendations that the Motion to Dismiss be granted and that the case be dismissed.

Accordingly, it is

**ORDERED** that:

2

1.      The Magistrate Judge's Report and Recommendation to District Judge **[DE 91]** is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2.      Defendants' Motion to Dismiss [DE 33] is **GRANTED**.

3.      All pending motions not otherwise ruled upon are **DENIED as moot.**

4.      This case is **CLOSED.**

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 11th day of March 2026.

cc:     counsel of record

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

3